**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MANUEL MOSLEY**,

                        Petitioner,

       - v -                                 Civ. No. 9:11-CV-1416
                                                      (GTS/RFT)

**SUPERINTENDENT OF COLLINS C.F.**,

                        Respondent.

**APPEARANCES:**                               **OF COUNSEL:**

MANUEL MOSLEY
Petitioner, *Pro Se*
07-A-0302
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

THE HON. ERIC T. SCHNIEDERMAN            LEILANI J. RODRIGUEZ, ESQ.
Attorney General of the State of New York       Assistant Attorney General
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Manuel Mosley brings this Petition for a *Writ of Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the grounds that: (1) the trial court lacked jurisdiction or authority to sentence him as a second felony offender; (2) the New York State Appellate Division, Third Department, issued conflicting decisions; (3) he was subjected to double jeopardy when he was resentenced as a second felony offender; and (4) his sentence was harsh and excessive. *See generally* Dkt. No. 1, Pet. Respondent opposes the Petition on the grounds that Petitioner's claims

are either unexhausted, incognizable, or without merit. *See generally* Dkt. No. 7, Resp't's Mem. of Law. For the reasons that follow, we recommend that the Petition be **DENIED** and that no certificate of appealability be granted.

## I. BACKGROUND

On December 13, 2006, Petitioner accepted a plea bargain, whereby, in pertinent part, in exchange for pleading guilty to one count of the criminal sale of a controlled substance in the third degree and one count of attempted assault in the second degree he would be sentenced to eleven years incarceration and three years of post-release supervision on the criminal sale charge, and between two and four years incarceration on the assault charge, with both sentences to run concurrently. Dkt. No. 8, St. Ct. R. (hereinafter "R."), Plea & Mot. Hr'g Tr., dated Dec. 13, 2006, at pp. 40–44.

On January 10, 2007, in Warren County Court, Petitioner was sentenced according to the terms of the December 13 plea agreement. R., Ex. C, Mem. & Order, dated Sept. 18, 2008, at p. 1, & Sentencing Hr'g Tr. (hereinafter "1st S. Tr."), dated Jan. 10, 2007, at pp. 7–8. However, in violation of New York's Criminal Procedure Law ("CPL") § 400.21, the prosecution neglected to file a second felony offender statement with the court prior to sentencing. *See* 1st S. Tr. at p. 9. Petitioner was recalled a few hours later and a second felony offender statement was filed – alleging that Plaintiff had previously been convicted of attempted burglary in the third degree, a class E felony, in Kings County Supreme Court on October 27, 1999. *Id.* Petitioner was offered the opportunity to controvert the accuracy of this statement or the constitutionality of the prior conviction, but declined. The court adjudicated Petitioner as a second felony offender and resentenced him according to the terms of his December 13 plea agreement. *Id.* at pp. 9–12.

Petitioner appealed to the New York State Appellate Division, Third Department, arguing, *inter alia*, that the county court failed to strictly adhere to the procedure outlined in CPL § 400.21 when it adjudicated Petitioner as a second felony offender. R., Ex. A., Pet'r's App. Br. at pp. 1 & 8–9. The Appellate Division agreed with Petitioner, noting that pursuant to CPL § 400.21, a predicate felony offender statement must be filed before the sentence is imposed, and therefore, as this procedure was not followed by the county court, Petitioner's sentence was invalid as a matter of law. Moreover, the Appellate Division held that because Petitioner never agreed to be sentenced as a second felony offender during the plea allocution, he did not waive his rights under CPL § 400.21, and his failure to controvert the statement after the imposition of sentence "[did] not validate or otherwise constitute a waiver of the sentence." *People v. Mosley*, 54 A.D.3d 1098, 1098–99 (N.Y. App. Div. 3rd Dep't 2008) (hereinafter "*People v. Mosely I*").[1] The Appellate Division then remitted the matter to the county court for resentencing. *Id.*

On January 21, 2009, a proceeding was held before the Warren County Court. R., § 400.21 Proceeding Tr., dated Jan. 21, 2009. At that proceeding, Petitioner demanded that he be resentenced to a term of eleven years plus three years post-release supervision on his criminal sale conviction, in accordance with the terms of his December 13 plea agreement. However, Petitioner contended that he never agreed to be sentenced as a second felony offender and that to do so would constitute a revocation of his plea. The county court judge explained to Petitioner that it would be illegal to sentence him to an eleven year term for his criminal sale conviction unless he was a second felony offender, because under New York's Penal Law such a sentence would exceed the permissible sentence allowed for a first-time offender. *Id.* at pp. 5–10. The court went on to explain that

---

[1] A copy of this decision was included in the State Court Record submitted by Respondent. *See* R., Ex. C.

Petitioner's counsel had filed a CPL § 440.10 motion to vacate his plea; however, Plaintiff maintained that he did not want to take back his plea, that he wanted to be sentenced to the term of imprisonment promised in the original December 13 plea agreement, which according to him, required that he be sentenced as a first time offender. *Id.* at pp. 7–8 & 13. Accordingly, rather than entertaining Petitioner's § 440.10 motion, the court accepted a second felony offender statement proffered by the prosecution, documenting Plaintiff's October 1999 felony conviction in Kings County. *Id.* at p. 13. Petitioner claimed that he did not remember the conviction being for a felony, and the matter was set down for a hearing. *Id.* at p. 14.

That hearing was held on January 28, 2009. R., Re-Sentencing Hr'g Tr., dated Jan. 28, 2009 (hereinafter "R-Sent. Hr'g Tr."). Petitioner renewed, *ad nauseam,* his earlier objection that he never agreed to being sentenced as a second felony offender, and that he wanted to be sentenced to eleven years as a first-time felony offender. Nonetheless, after failing to controvert the accuracy or constitutionality of his 1999 Kings County felony conviction, the court adjudicated Petitioner as a second felony offender and resentenced him according to the terms of the December 13 plea agreement. *See generally id.*

On September 21, 2009, Petitioner filed a direct appeal regarding his January 28, resentencing in county court. *See generally* R. at Ex. K, Pet'r's 2nd App. Br. The New York State Appellate Division, Third Department, denied Petitioner's appeal on February 11, 2010. *People v. Mosley*, 70 A.D.3d 1126 (N.Y. App. Div. 3rd Dep't 2010) (hereinafter "*People v. Mosely II*").[2] As part of the basis of their decision, the Appellate Division specifically noted Petitioner's insistence on being sentenced according to the plea agreement, as well as his efforts to derail the § 440.10

---

[2] A copy of this decision was included in the State Court Record submitted by Respondent. *See* R., Ex. M.

motion to vacate his plea filed by his trial counsel.  Furthermore, the Appellate Division held that regardless of whether the prosecution filed a predicate felony statement, Petitioner was "precluded" from being sentenced as a first-time felony offender. *People v. Mosley II*, 70 A.D.3d at 1127.  The Appellate Division concluded that despite being offered "myriad opportunities" to challenge the constitutionality of his prior conviction, Petitioner failed to do so, and therefore, Petitioner was properly resentenced as a second felony offender upon remittal.  *Id.*  Plaintiff sought leave to appeal the Appellate Division's decision, however, on July 28, 2010, the Court of Appeals denied leave. *See* R., Ex. N, Pet'r's Lv. App.; *see also People v. Mosely,* 15 N.Y.3d 776 (N.Y. Ct. App. 2010).[3]

On August 29, 2010, Petitioner moved to set aside his sentence pursuant to CPL § 440.20, in pertinent part, on the ground that he was subjected to double jeopardy upon resentencing.  *See generally* R., Ex. S., Pet'r's § 440.20 Mot.  On November 16, 2010, The Honorable John S. Hall, Jr., New York State County Court Judge, denied the motion.  R., Ex. U, Dec. & Order, dated Nov. 16, 2010.  Petitioner sought leave to appeal the county court's decision.  R., Ex. V, Lt., dated Dec. 14, 2010.  The Appellate Division denied Petitioner's application on February 18, 2011.  R., Ex. W.

Respondent concedes that the instant Petition is timely.  Resp't's Mem. of Law, at p. 10.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

1) resulted in a decision that was contrary to, or involved an unreasonable

---

[3] A copy of this decision was included in the State Court Record submitted by Respondent.  *See* R., Ex. R.

application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Resentencing Claims

Petitioner argues that the resentencing court acted without jurisdiction or authority when resentencing him as a second felony offender. *See* Pet. at p. 6. Petitioner also claims that the Appellate Division's decision affirming his resentencing, *People v. Mosley II*, 70 A.D.3d at 1126,

contradicted its earlier decision in *People v. Mosley I*, 54 A.D.3d at 1098–99, *see* Pet. at p. 8(a).[4] Respondent maintains that Petitioner's resentencing claims are unexhausted and meritless. Resp't's Mem. of Law at pp. 21–24. However, we decline to address the exhaustion issue and instead proceed directly to the issue of whether these claims have merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

As explained below, these claims are meritless because they are purely issues of state law. *See Beverly v. Walker*, 899 F. Supp. 900, 908 (N.D.N.Y. Aug. 29, 1995) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) for the proposition that "[a] federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, federal habeas corpus relief does not lie for errors of state law that do not rise to the level of federal constitutional violations."); *cf. Saracina v. Artus*, 452 F. App'x 44, 46 (2d Cir. 2011) (unpublished) ("Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact").

Federal courts recognize two contexts in which the adjudication of a state criminal defendant as a second-felony offender is grounds for federal *habeas* relief: (1) where the predicate conviction was obtained unconstitutionally, *see, e.g.*, *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 404–05 (2001); or (2) where a state court fails to afford criminal defendants sufficient due process in the predicate-felon adjudication process, *see, e.g., Larweth v. Conway*, 493 F. Supp. 2d 662, 682 (W.D.N.Y. 2007) ("Due process requires that a defendant to be sentenced as a repeat offender

---

[4] The Petition contains a hand written and unnumbered page between numbered pages 8 and 9. When referencing this page, the Court will refer to it as page 8(a).

'receive reasonable notice and an opportunity to be heard relative to the recidivist charge.'") (quoting *Oyler v. Boles,* 368 U.S. 448, 452 (1962)). Here, Petitioner cannot succeed under either of these theories.

To begin with, it is clear from the record of Petitioner's January 12 and 28, 2009 CPL § 400.21 proceeding that he received all of the process that was due to him.

> Section 400.21 of New York's Criminal Procedure Law sets forth the required procedure to be followed in determining whether a defendant qualifies as a second felony offender. Prior to any sentence being imposed on the conviction at issue, the prosecution must file a statement setting forth the date and place of each alleged predicate felony conviction. . . . The defendant must be given a copy of the predicate felony statement prior to sentencing and must be asked whether he wishes to controvert any allegations therein. *See* N.Y.Crim. Proc. Law § 400.21(3). No further hearing is required where the uncontroverted allegations in the statement are sufficient to support the court's finding that the defendant has been subjected to the requisite predicate felony convictions. *See* N.Y.Crim. Proc. Law § 400.21(4). At that point, the sentencing court must enter a finding that the defendant is [a] second felony offender and sentence him accordingly. *See id.; see also* N.Y. Penal Law § 70.06. Only where the defendant actually controverts an allegation in the predicate felony statement, and the uncontroverted allegations are insufficient to show that the defendant has qualifying previous felonies does the court have to hold a further hearing. *See* N.Y.Crim. Proc. Law § 400.21(5).

*Larweth v. Conway*, 493 F. Supp. 2d at 683-84.

Here, the prosecution fulfilled its notice requirement by filing a notice pursuant to § 400.21, with the county court after the case was remanded, alleging that Petitioner was previously convicted of felony third degree burglary in Kings County in 1999. *See* R., Proceeding Tr., dated Jan. 21, 2009, at p 13; *see also Larweth v. Conway*, 493 F. Supp. 2d at 685 (noting that "C.P.L. § 400.21(2), . . . does not state a time-limitation, nor does it specify when the defendant must be served with a copy of the predicate felony statement."). Thus, Petitioner received adequate notice that he was

subject to being sentenced as a second felony offender.[5]

Moreover, the transcript reveals that the court clearly offered Petitioner the opportunity to contest the constitutionality or validity of the conviction. CPL § 400.21(3). Petitioner contested the validity of the conviction, claiming that he did not remember the conviction being for a felony. R., Ex. W, Proceeding Tr., dated Jan. 21, 2009, at pp. 13–14. The People did not have a certificate of conviction to offer in support of their § 400.21 statement, thus, pursuant to CPL § 400.21(5), the court set the matter down for a separate hearing. *Id.* at p. 14. That hearing was held seven days later[6] on January 28, 2009. R-Sent. Hr'g Tr. The people submitted "a certified copy . . . from the Supreme Court of Kings County indicating that Manuel Mosely was convicted October 27, 1999 of Attempted Burglary in the Third Degree." *Id.* at p. 4. Despite being given "myriad opportunities" to do so, *People v. Mosely II*, 70 A.D.3d at 1126, aside from his unsupported allegations that the certificate of conviction might be wrong, Petitioner did not provide any evidence or testimony controverting either the accuracy of the certificate of conviction or the constitutionality of the conviction, *see generally* R-Sent. Hr'g Tr. Indeed, Petitioner's only objection to the certificate of conviction was that it could be wrong. *Id.* at pp. 3–6. Therefore, pursuant to CPL § 400.21(7)(c),[7] Petitioner was adjudicated as a second felony offender and resentenced accordingly. R-Sent. Hr'g Tr. at pp. 15–16. Thus, Petitioner received adequate notice and opportunity to be heard.[8] *See Larweth v. Conway*, 493 F. Supp. 2d at 685–86 (reaching the same conclusion).

---

[5] It is also worth noting that Petitioner first received notice that he was subject to being sentenced as a second felony offender two years prior at his first sentencing hearing on January 10, 2007. 1st S. Tr. at pp. 9–12.

[6] Pursuant to CPL § 400.21(6), "[i]n any case where a copy of the [§ 400.21] statement was not received by the defendant at least two days prior to the preliminary examination, the court must upon request of the defendant grant an adjournment of at least two days before proceeding with the hearing."

[7] According to CPL § 400.21(7)(c), "[a]t the conclusion of the hearing the court must make a finding as to whether or not the defendant has been subjected to a predicate felony conviction."

[8]*Accord People v. Mosley II*, 70 A.D.3d at 1127 (concluding that the resentencing court properly adjudicated Mosley as a second felony offender).

Additionally, to the extent that Petitioner now wishes to challenge the constitutionality of his 1999 King's County felony conviction, he is now precluded from doing so in the instant § 2254 Petition because he is no longer in custody on the basis of this conviction. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 396 (2001) (finding that in general, absent certain exceptions that do not apply in the instant case, postconviction relief is not available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody).

Contrary to Petitioner's claims, it is absolutely clear that the county court had the authority and jurisdiction to resentence Petitioner upon remand. *See* CPL § 470.45 ("Upon reversing or modifying a judgment and directing corrective action, an appellate court must remit the case to the criminal court in which the judgment was entered. Such criminal court must execute the direction of the appellate court[.]"); *see also* N.Y. CONST. ART. VI, § 11 (granting jurisdiction to the county courts over "all crimes and other violations of law"). Indeed, because the county court had previously been made aware of Petitioner's prior felony conviction in Kings County, the court was not only acting within its jurisdiction and authority when it resentenced Petitioner as a second felony offender, it was affirmatively required to do so by New York State law. *See* CPL § 400.21 (noting that the provisions of that section regarding second felony offender adjudication "**must be followed** in any case where it appears that a defendant who stands convicted of a felony has previously been convicted of a predicate felony") (emphasis added); *see also People v. Mosely II*, 70 A.D.3d at 1127 ("Contrary to defendant's protestations otherwise, a predicate felon is precluded from being sentenced as a first time offender regardless of the [People's failure] to file the predicate felony statement.") (internal quotation marks and citation omitted).

Likewise, the Appellate Division's subsequent affirmation of Petitioner's resentencing in

*People v. Mosely II*, was not contrary to it's earlier decision in *People v. Mosely I*. In *People v. Mosely I*, the Appellate Division remanded Petitioner's case because the county court improperly sentenced Petitioner as a second felony offender without first giving him an opportunity to contest the accuracy or constitutionality of his prior conviction. Whereas, in *People v. Mosely II*, the Appellate Division found that:

> [h]ere, although defendant controverted his status as a second felony offender upon remittal, County Court conducted a hearing and the People presented a certificate of conviction indicating that defendant was convicted of attempted burglary in the third degree in 1999. Despite myriad opportunities to be heard in regard to the prior conviction, defendant failed to challenge its constitutionality and, thus, County Court properly resentenced him as a second felony offender.

*People v. Mosley II*, 70 A.D.3d at 1127 (alteration in original) (internal citations omitted).

In summary, Petitioner cannot claim that his underlying conviction was unconstitutionally obtained or that the county court violated his right to due process, and as a result his factually incorrect claims that the court was without jurisdiction or authority to resentence him as a predicate felon and that the Appellate Division's decisions in *People v. Mosely I* and *People v. Mosely II* were contradictory, are meritless.

Accordingly, we recommend that the Petition be **DENIED** as to this ground.

### C. Double Jeopardy

Petitioner argues that when he was first sentenced, in accordance with his December 13 plea agreement, he was sentenced as a first time felony offender. As a result, his right to be free from double jeopardy was violated when he was later resentenced as a second felony offender. He contends that in order to make the eleven-year term agreed upon during plea negotiations legal under New York's Penal Law the county court was obligated to change his sentence to fit within the sentencing guidelines for a first time felony offender. *See* Dkt. No. 11, Traverse, at ¶ G; *see also* Pet. at p. 6. Respondent concedes that Petitioner exhausted his double jeopardy claim, but contends

that the claim is without merit. Resp't's Mem. of Law, at pp. 12 & 20–21.

A review of the applicable state court decisions in the instant case, including *People v. Mosely II*, and the county court's subsequent denial of Petitioner's § 440.20 Motion, *see* R., Ex. U, reveals that neither court directly addressed or issued a ruling with regard to Petitioner's double jeopardy claim. According to the Supreme Court, in such instances, "the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 133 S. Ct. 1088, 1091 (2013). Petitioner has not offered any argument to rebut this presumption, therefore, we need only decide whether the denial of Petitioner's double jeopardy claim was contrary to or an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d).

Under the Fifth Amendment of the United States Constitution, no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Fifth Amendment's prohibition on double jeopardy "protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Boyd v. Meachum,* 77 F.3d 60, 63 (2d Cir.1996). Moreover, "[b]ecause the Double Jeopardy Clause protects the finality of criminal judgments, . . . it prohibits alterations to sentences carrying a legitimate expectation of finality." *United States v. Kyles,* 601 F.3d 78, 83–84 (2d Cir. 2010) (internal citations omitted); *Warren v. Rock*, 2012 WL 2421916, at *2 (E.D.N.Y. June 27, 2012) (citing *United States v. Kyles* in deciding a § 2254 motion). Crucially, a defendant cannot have an expectation of finality in an illegal sentence. *See Williams v. Travis*, 143 F.3d 98, 99 (2d Cir. 1998) ("Williams' resentencing did not violate the Double Jeopardy Clause because, as precedents of the Supreme Court and this Court make clear, he had no legitimate expectation of finality in his original sentence, which was not authorized by law, was appealable by the

government, and was modified only a week after it was imposed"); *Velez v. Annucci*, 2014 WL 316748, at *5 (N.D.N.Y. Jan. 28, 2014) (citing both *United States v. Kyles* & *Williams v. Travis* in deciding a § 2254 motion); *Colon v. Lavalley*, 2012 WL 5462583, at *6 (S.D.N.Y. Nov. 9, 2012) (same).

Even if we were to accept Petitioner's repeated claims that "the Sentencing Court agreed; the people agreed, and the petitioner agreed . . . [that Petitioner would] be sentenced as a first time felony offender," Traverse at p. 2, as true,[9] it is clear that his right to be free from double jeopardy was not violated in the instant case. Under New York State's Penal Law ("PL"), the maximum sentence upon a conviction of criminal sale of a controlled substance in the third degree for a non-predicate felon is nine years. *See* PL § 220.39 ("Criminal sale of a controlled substance in the third degree is a class B felony."); PL § 70.70(2) (establishing that the maximum term of imprisonment for a first time felony drug offender shall not exceed nine years where the crime is a class B felony). Thus, by sentencing Petitioner to a term of eleven years without first properly adjudicating him as a predicate felon, such a sentence was illegal; therefore, Petitioner had no legitimate expectation that such a sentence would be final. Accordingly, Petitioner's right to be free from double jeopardy could not have been violated when he was subsequently resentenced as a second felony offender. *See Williams v. Travis*, 143 F.3d at 99; *see also Colon v. Lavalley*, 2012 WL 5462583, at *6 (citing *Williams v. Travis*).

Therefore, we recommend that the Petition be **DENIED** as to this ground.

### D. Excessive Sentence

Although Respondent maintains that Petitioner's excessive sentencing claim is unexhausted,

---

[9] Nothing in the record supports Plaintiff's contention that all of the parties agreed that Petitioner would be sentenced as a first time offender. Indeed, a review of the Transcript of the proceeding at which the plea was negotiated reveals that the topic of Petitioner's felony offender status was not raised by any of the parties. *See generally* 1st S. Tr.

given the complexity of the procedural history in this case, and the fact that this claim is not cognizable on federal *habeas* review, we decline to address the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2). The issue of whether a sentence is overly harsh or excessive is not a proper issue for review in the federal *habeas* context unless the sentence was outside of the permissible range provided for by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

Upon conviction of the criminal sale of a controlled substance in the third degree, a class B felony, PL § 220.39, a second felony offender sentenced to a determinate term may receive a term of imprisonment of between nine and twenty-five years, PL § 70.06(3)(b). Likewise, the maximum indeterminate term of imprisonment for a second felony offender convicted of attempted assault in the second degree, a class D felony, PL § 120.05, is between two and four years, PL §§ 110.05(6), 70.06(3)(e) & 70.06(4)(b). Here, Petitioner was sentenced to a determinate term of incarceration of eleven years on his conviction for criminal sale of a controlled substance in the third degree, and between two and four years incarceration for his conviction of attempted criminal assault in the second degree. Thus, Petitioner's excessive sentencing claim is incognizable because his sentences were well within the statutory guidelines.

Accordingly, we recommend that the Petition be **DENIED** as to this ground.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of

appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   July 31, 2014
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge