UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MANUEL MOSLEY,

                          Petitioner,

                                                                9:11-CV-1416
v.                                                                (GTS/RFT)

SUPERINTENDENT OF COLLINS CORR.
FACILITY,

                          Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

MANUEL MOSLEY, 07-A-0302
  Petitioner, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                    LEILANA J. RODRIGUEZ, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this habeas corpus proceeding filed *pro se* by Manuel Mosley ("Petitioner") against a correctional facility superintendent ("Superintendent") pursuant to 28 U.S.C. § 2254, are (1) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Petitioner's Petition be denied and dismissed in its entirety and that a certificate of appealability not issue, and (2) Petitioner's Objection to the Report-

Recommendation. (Dkt. Nos. 19, 23.)[1] For the reasons set forth below, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety.

I.     RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the factual background of Petitioner's 2007 state-court conviction for the criminal sale of a controlled substance in the third degree and attempted assault in the second degree, but will simply refer the parties to the relevant portion of Magistrate Judge Treece's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 19, at Part I.)

Generally, in his Petition, Petitioner asserts four claims: (1) a claim that the trial court lacked jurisdiction and authority to resentence him as a second felony offender; (2) a claim that the Appellate Division's decision affirming his resentencing contradicted an earlier decision it had issued in his case; (3) a claim that he was subjected to double jeopardy when he was resentenced as a second felony offender; and (4) a claim that his sentence was harsh and excessive. (*See generally* Dkt. No. 1.)

Generally, in his Report-Recommendation, Magistrate Judge Treece recommends dismissal of the Petition for four reasons: (1) with respect to Petitioner's claim that the trial court lacked jurisdiction and authority to resentence him as a second felony offender, the claim lacks

---

[1] Also pending is a "motion" by Respondent requesting an Order adopting the Report-Recommendation. (Dkt. No. 20.) Because the Court does not construe this request as a "motion" (but merely as a request for relief that would automatically be provided by operation of law should the Report-Recommendation survive the appropriate level of review), <u>the Court directs the Clerk to amend the docket sheet to designate the submission as merely a letter-brief in support of the Report-Recommendation</u>. *See, e.g., Alvarez-Campos v. Long*, 06-CV-2133, 2008 WL 2225767, at *1 (D. Ariz. May 29, 2008) (characterizing such a "motion" as "moot").

merit because it regards purely an issue of state law and does not rise to the level of a federal constitutional violation, given that he received (a) adequate notice that he was subject to resentencing as a second felony offender, and (b) an opportunity to be heard on the constitutionality or validity of his first felony conviction); (2) with respect to Petitioner's claim that the Appellate Division's decision affirming his resentencing contradicted an earlier decision it had issued in his case, the claim lacks merit because the two decisions were not contradictory in that (a) the first decision found merely that the trial court had improperly sentenced Petitioner as a second felony offender without first giving him an opportunity to contest the constitutionality or validity of his prior felony conviction, while (b) the second decision found that on remand Petitioner had failed to challenge the constitutionality or validity of his prior felony conviction); (3) with respect to Petitioner's claim that he was subjected to double jeopardy when he was resentenced as a second felony offender, the claim lacks merit because Petitioner had no legitimate expectation that his initial sentence (which never adjudicated him as a predicate felon and was thus illegal) would be final; and (4) with respect to Petitioner's claim that his sentence was harsh and excessive, the claim lacks merit because the sentence was within the permissible range provided for by state law. (Dkt. No. 19.)

Generally, in his Objection, Petitioner asserts three arguments: (1) that his federal right to due process was violated because, contrary to the terms of the Appellate Division's remand, the trial court vacated his plea agreement then resentenced him as a second felony offender over his objection; (2) that a double jeopardy violation occurred because the trial court resentenced him as a second felony offender after he had been sentenced as a first-time felony offender and judgment had been entered; and (3) that his sentence of eleven years on resentencing was harsh and excessive because the maximum sentence under state law is nine years for first-time felony offenders. (Dkt. No. 23.)

3

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.     Standard Governing Review of Habeas Petition Pursuant to 28 U.S.C. § 2254**

Again, because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the legal standard governing Petitioner's habeas petition pursuant to 28 U.S.C. § 2254, but will simply refer the parties to the relevant portion of Magistrate Judge Treece's Report-Recommendation, which accurately recites that legal standard. (Dkt. No. 18, at Part II.A.)

**III.    ANALYSIS**

After carefully reviewing all of the papers in this action, the Court agrees with each of the recommendations made by Magistrate Judge Treece. Magistrate Judge Treece employed the correct legal standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19, at Parts I-III.) As a result, the Court accepts and adopts Magistrate Judge Treece's Report-Recommendation in its entirety for the reasons stated therein. (*Id.*)

The Court would add only one point. Even when construed with the utmost of liberality, Petitioner's Objection fails to contain a specific challenge to the Report-Recommendation that

---

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

differs from the arguments he asserted in his Petition and Traverse. (*Compare* Dkt. No. 23 [Objection] *with* Dkt. No. 19 [Report-Recommendation] *and* Dkt. No. 1 [Petition] *and* Dkt. No. 11 [Traverse].) As a result, he is entitled to only a clear-error review of Magistrate Judge Treece's Report-Recommendation (which level of review the Report-Recommendation survives). The Court notes that, even if the Report-Recommendation were subjected to a *de novo* review, the Report-Recommendation would survive that review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket sheet in accordance with footnote 1 of this Decision and Order, and then **CLOSE** this action; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: January 22, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge